**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ELVIS WELLS, | Case No. 2:19-cv-00522-APG-VCF |
| Petitioner, | |
| v. | **ORDER** |
| BRIAN WILLIAMS, et al., | (ECF No. 12) |
| Respondents. | |

Petitioner Elvis Wells, a *pro se* Nevada state prisoner, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 3. The respondents have moved to dismiss the petition. ECF No. 12. For the reasons discussed below, I grant the respondents' motion.

I.    **BACKGROUND**

     A.      **State Proceedings**

Wells challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County, Nevada. *State of Nevada v. Wells*, C-15-303754-2. Following a five-day trial, a jury found Wells guilty of conspiracy to commit robbery, conspiracy to commit burglary, burglary while in possession of a firearm, assault with a deadly weapon, and attempted robbery with use of a deadly weapon. Ex. 7, ECF No. 13-7.[1] The state court entered a judgment of conviction in June 2015. Ex. 28, ECF No. 18-6. Wells appealed. In May 2016, the Nevada Supreme Court affirmed his conviction. Ex. 54, ECF No. 19-13.

In March 2017, Wells filed a state petition for writ of habeas corpus seeking post-conviction relief. Ex. 70, ECF No. 19-29. Wells' claims of ineffective assistance of counsel (IAC) were denied on the merits and his remaining substantive claims were denied as procedurally barred under NRS 34.810(1)(b) because the claims could have been raised in his direct appeal. Ex. 77, ECF No. 20-5. Wells then filed a post-conviction appeal. The Nevada Court of Appeals affirmed the denial of relief. Ex. 90, ECF No. 20-18. With regard to Wells' substantive claims, the Nevada Court of Appeals held that Wells failed to allege good cause to

---

[1] The state court entered an amended judgment of conviction in February 2019 to correct a typographical error. Ex. 90, ECF No. 20-18.

overcome the procedural bar; thus, the state district court did not err by denying such claims without first conducting an evidentiary hearing. *Id.* at 4. Wells argued for the first time on appeal that counsel was ineffective for failing to raise these claims in his direct appeal, but the appellate court declined to address the claims in the first instance. *Id.*

**B.   Federal Habeas Proceedings**

Wells initiated this federal habeas proceeding *pro se* in March 2019. ECF No. 1. His Petition for Writ of Habeas Corpus (ECF No. 3) alleges nine grounds for relief:

- Ground 1: Trial counsel was ineffective for failing to present DNA evidence at trial. *Id.* at 3–4.

- Ground 2(a): The trial court violated due process by giving a flight instruction over Wells' objection. *Id.* at 5–6.

- Ground 2(b): Prosecutors violated due process when their expert alluded to the fact that Wells was previously incarcerated. *Id.*

- Ground 3(a): Wells' due process right and Fourth Amendment right against unreasonable search and seizure were violated when police performed a warrantless search of containers inside the vehicle. *Id.* at 7–8.

- Ground 3(b): Prosecutors violated due process by offering a plea deal that was contingent on both defendants signing the deal. *Id.*

- Ground 3(c): The trial court violated due process by admitting the State's late-revealed video evidence. *Id.*

- Ground 4: The trial court violated due process by failing to treat his two prior felony cases as one conviction for purposes of Nevada's habitual offender statutes. *Id.* at 9–10.

- Ground 5(a): The trial court violated due process by admitting the victim's unnecessarily suggestive and unreliable testimony identifying the vehicle. *Id.* at 11–12.

- Ground 5(b): The trial court violated due process by admitting a phone number into evidence through expert testimony without a proper foundation for admission. *Id.*

- Ground 6: The trial court violated due process by denying Wells' severance motion, and joining the co-defendants for trial, which compromised a fair trial. *Id.* at 13–14.

- Ground 7: Wells' due process right and Fourth Amendment right against unreasonable search and seizure were violated when police performed a warrantless search of the trunk of the vehicle. *Id.* at 15–16.

- Ground 8(a): Wells seeks to preserve this ground as an IAC claim because he is a layman and the issues are complex. *Id.* at 17–18.

- Ground 8(b): Trial/appellate counsel was ineffective because he refused to send Wells all case-related paperwork, sending instead frivolous paperwork and no transcripts of the

preliminary hearing or trial. *Id.* Counsel's refusal to send the legal file has purportedly prevented Wells from "put[ting] a successful writ together." *Id.* at 17.

- <u>Ground 9</u>: Wells alleges a violation of his Sixth and Fourteenth Amendment rights to a fair trial and due process in one phrase, "See Nevada Supreme Court Order Attached." *Id.* at 19–21 (attaching May 9, 2016 Order of Affirmance by the Nevada Supreme Court).

The respondents move to dismiss Wells' petition in part as unexhausted, non-cognizable, and procedurally defaulted.

## II.   DISCUSSION

### A.   Exhaustion – Ground 9

The respondents' motion contends that Ground 9 is conclusory and unexhausted.  Wells concedes that Ground 9 was not presented to the Nevada courts and asks me to dismiss this claim. The respondents do not oppose this request.  Ground 9 is therefore dismissed. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

### B.   Procedural Default – Grounds 2–7

Federal courts are barred from considering a state prisoner's habeas claim if the state courts denied his claim based on an independent and adequate state procedural rule. *Edwards v. Carpenter*, 529 U.S. 446, 454–55 (2000).  Nevada law prohibits state prisoners from seeking post-conviction relief in a petition for writ of habeas corpus where the grounds for the petition could have been raised in a direct appeal. NRS § 34.810(1)(b).  The Ninth Circuit has found this statute to be an independent and adequate state procedural rule as applied to non-capital cases. *E.g.*, *Vang v. Nevada*, 329 F.3d 1069 (9th Cir. 2003).

When a prisoner procedurally defaults a federal claim, judicial review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (the miscarriage of justice exception ensures "that federal constitutional errors

do not result in the incarceration of innocent persons"). To demonstrate cause, a petitioner must show that some external and objective factor impeded his efforts to comply with the state's procedural rule. *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012). Ignorance or inadvertence does not constitute cause. *Murray v. Carrier*, 477 U.S. 478, 486–87 (1986). To show prejudice, a petitioner bears the burden of showing not merely that the error created a possibility of prejudice, but that the error worked to his actual and substantial disadvantage, infecting the entire proceeding with constitutional error. *Id.* at 494.

The Nevada Court of Appeals determined that Grounds 2–7 were procedurally barred under NRS S 34.810(1)(b). Ex. 90, ECF No. 20-18. The decision did not discuss the merits of Wells' claims and relied upon an independent and adequate state procedural rule to affirm the denial of relief. *See Vang*, 329 F.3d at 1075 (holding that NRS § 34.810 was independent where the court did not "consider the merits of a constitutional claim when deciding whether or not to apply the bar"). The burden thus falls on Wells to prove good cause for the default and actual prejudice. *See* § NRS 34.810(3). Wells failed to allege good cause to overcome the procedural bar in the Nevada courts. Exs. 77, 90, ECF No. 20-5, 20-18. Likewise, Wells' response to the motion does not argue that he can demonstrate cause and prejudice to excuse the default. ECF No. 22. I thus dismiss Grounds 2–7 as procedurally barred from federal habeas review.

## C.     Cognizability – Ground 8

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) requires a federal habeas petition to specify all grounds for relief and "state the facts supporting each ground." Claims based on conclusory allegations are not a sufficient basis for federal habeas relief. *Mayle v. Felix*, 545 U.S. 644, 655–56 (2005). Unless an issue of federal

constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *see also* Black's Law Dictionary (11th ed. 2019) (defining "cognizable" as "Capable of being known or recognized").

Wells seeks to "preserve" Ground 8(a) as an IAC claim because he is not skilled in the law and the issues are complex. ECF No. 3 at 17–18. However, Wells cannot keep this ground as a place holder. A habeas petitioner must allege enough facts that allow the court to draw a reasonable inference that he is entitled to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Particularly in habeas cases, mere legal conclusions without facts are not sufficient—"it is the relationship of the facts to the claim asserted that is important." *Mayle*, 545 U.S. at 655 (noting that Habeas Rule 2(c) "is more demanding" than the pleading rule for other civil cases). Ground 8(a) does not contain either direct or inferential allegations showing entitlement to habeas relief. Therefore, I dismiss Ground 8(a) for failure to state a claim for which federal habeas relief may be granted.

Ground 8(b) also fails to state an actionable habeas claim on its face. The Supreme Court established a two-prong test for IAC claims in *Strickland v. Washington*, 466 U.S. 668 (1984), requiring a petitioner to demonstrate that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "any such deficiency was 'prejudicial to the defense'." *Garza v. Idaho*, 139 S. Ct. 738, 743–44 (2019) (quoting *Strickland*, 466 U.S. at 687–88, 692). The petitioner bears the burden of showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. To establish prejudice, it is not enough for a petitioner "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, the errors must be "so serious as to deprive the defendant of a fair trial." *Id.* at 687. In analyzing an IAC claim under *Strickland*, a court may first consider either the question of deficient performance or the question

of prejudice; if the petitioner fails to satisfy one element of the IAC claim, the court need not consider the other. *Id.* at 697.

Wells' allegations in Ground 8(b) cannot establish prejudice under *Strickland*. He alleges that counsel, Benjamin Nadig, was ineffective because he refused to send Wells all case-related documents after his withdrawal from the case. ECF No. 3 at 17. Nadig represented Wells during his trial and direct appeal. After Wells' conviction was affirmed on appeal, the record shows that Wells filed multiple motions asking the state court to withdraw Nadig from the case and order him to turn over the case file. Exs. 57, 58, 59, 61, 64, 65, 66; ECF Nos. 19-16, 19-17, 19-18, 19-20, 19-23, 19-24, 19-25. According to Wells, he was prejudiced by Nadig's refusal to send the legal file because that prevented Wells from "put[ting] a successful writ together." ECF No. 3 at 17.

Even if Nadig failed to turn over the file and that failure was deficient performance under *Strickland*, there is no reasonable likelihood that the outcome of the trial or direct appeal would have been different but for counsel's errors. Instead, the record shows that the trial and appeal concluded before Nadig's alleged deficient performance.[2] At most, Ground 8(b) alleges that Nadig's conduct affected the outcome of Wells' state post-conviction proceedings. But there is no freestanding federal constitutional right to the effective assistance of state post-conviction counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 556–57 (1987). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) further specifies that the "ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a [§ 2254] proceeding." 28 U.S.C. § 2254(i). As such, the facts alleged in Ground 8(b) do not support a cognizable IAC claim. I thus dismiss Ground 8(b) for failure to

---

[2] Wells' only other IAC allegation against Nadig appears in Ground 1, which alleges that Nadig was ineffective for failing to present DNA evidence at trial. ECF No. 3 at 3–4.

state a claim for which federal habeas relief may be granted.

I THEREFORE ORDER:

1. The respondents' Motion to Dismiss (**ECF No. 12**) **is GRANTED.** Grounds 2–9 of Petitioner Elvis Wells' Petition for Writ of Habeas Corpus (**ECF No. 3**) **are DISMISSED**.

2. The respondents will have **until October 27, 2020** to answer the surviving claim: Ground 1. In the answer, the respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

3. The petitioner will have **60 days** following service of the answer to file and serve a reply brief.

Dated: August 21, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE